UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORP., <br> Movant, <br> v. <br> PARKERVISION, INC., <br> Respondent. | Case No.  25-mc-80336-AGT <br><br> **TRANSFER AND SEALING ORDER** <br> Re: Dkt. Nos. 1, 7 |

Non-party Realtek Semiconductor Corp. (Realtek) moves to quash a subpoena served on Realtek by ParkerVision, Inc. (ParkerVision). Dkt. 1. ParkerVision asks this Court to deny the motion to quash or alternatively to send this dispute back to the Western District of Texas, where the underlying case is being litigated. Dkt. 6. Realtek opposes transfer. *See* dkt. 8. After this matter was fully briefed, ParkerVision filed a notice of related cases. Dkt. 9.

"When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court . . . if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Exceptional circumstances may be found "to avoid disrupting the issuing court's management of the underlying litigation, as when . . . the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendments. For example, "[n]umerous district courts have found exceptional circumstances when motion practice in the issuing court raises similar

arguments to those raised in the motion sought to be transferred." *Bright House Networks, LLC v. MarkMonitor, Inc.*, No. 20-MC-80083-TSH, 2020 WL 4464882, at *2 (N.D. Cal. Aug. 3, 2020) (cleaned up).

Here, Realtek has also moved for a protective order in the underlying litigation in Texas's Western District, apparently seeking to protect the same materials sought in the subpoena which they seek to quash. *See* dkt. 6 at 7. So, there is risk of unnecessary disruption and delay to the Western District of Texas's case management if this Court were to rule. Moreover, other courts have declined to rule on similar subpoenas, instead transferring those subpoenas back to the issuing district. *See* dkt. 9.[1] There is a risk of inconsistent adjudication over the same or similar discovery and unnecessary duplication of efforts by the courts. Finally, the underlying litigation has been pending in the Western District of Texas for several years, so that district is more familiar and better positioned to rule on these issues. As such, exceptional circumstances exist. Accordingly, transfer is warranted and ordered under Rule 45(f).

***

ParkerVision moves to seal Exhibits 2 and 3 to its opposition. Dkt. 7. ParkerVision represents that public filing of these exhibits could result in harm to Realtek's competitive standing. The Ninth Circuit applies a good cause standard when considering requests to seal non-dispositive materials. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). This motion to quash a subpoena is non-dispositive as to resolve it, the

---

[1] For example, a magistrate judge in the Eastern District of Virginia recently transferred a subpoena propounded by ParkerVision on Realtek in the same underlying case back to the Western District of Texas, finding that "the principles of judicial efficiency counsel[ed] against this Court exercising its discretion to consider Realtek's Motion to Quash." *See* dkt. 9-1 at 9.

undersigned need not "address the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). As such, the undersigned will apply a good cause standard here. *See Natera, Inc. v. CareDx, Inc.*, No. 23-MC-80117-LJC, 2023 WL 4536375 (N.D. Cal. June 6, 2023) (applying good cause standard when considering sealing request filed with motion to quash).

ParkerVision has presented good cause to seal Exhibits 2 and 3 to its opposition. The request for sealing at dkt. 7 is granted.

\*\*\*

Realtek's motion to quash is locked on the Court's docket, with a note that Exhibits D, H, I, and J were accidentally filed on the public docket with confidential information and would be refiled. *See* dkt. 1. However, Realtek has not presented good cause for the Court to seal these exhibits, nor has Realtek refiled any of its materials. As such, by December 22, 2025, Realtek is ordered to comply with Civil Local Rule 79-5's requirements. If Realtek does not comply by December 22, 2025, the Court may order these documents unsealed.[2]

**IT IS SO ORDERED.**

Dated: December 15, 2025

Alex G. Tse
United States Magistrate Judge

---

[2] *Pro hac vice* applications are pending from counsel for both parties, *see* dkts. 6 & 8, and no admissions fees have been received. *See* Civil L.R. 11-3. Counsel are reminded to file any outstanding *pro hac vice* requests by December 18, 2025.

3